```
                    IN THE DISTRICT COURT OF THE UNITED STATES
                           DISTRICT OF SOUTH CAROLINA
                              CHARLESTON DIVISION

  UNITED STATES OF AMERICA,   )         2:12-CR-148
                              )
            Plaintiff         )         Charleston,
                              )         South Carolina
  VS                          )         September 27, 2012
                              )
  DESHAWN RIVERS,             )
                              )
            Defendant         )

              TRANSCRIPT OF GUILTY PLEA HEARING
          BEFORE THE HONORABLE P. MICHAEL DUFFY,
             SENIOR UNITED STATES DISTRICT JUDGE

  APPEARANCES:

  For the Plaintiff:      MR. PETER PHILLIPS
                          Assistant United States Attorney
                          P.O. Box 978
                          Charleston, SC 29402




                          MR. GEORGE BISHOP
  For the Defendant:      George Bishop Law Office
                          P.O. Box 848
                          Moncks Corner, SC 29461






  Transcriber:            Amy C. Diaz, RPR, CRR
                          P.O. Box 835
                          Charleston, SC 29402

         Proceedings recorded by CourtSmart recording,
     Transcript produced by computer-aided transcription.


                    AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER
```

1  THE COURT: Whenever y'all are ready call the case.
2  MR. PHILLIPS: This is *United States of America vs.*
3  *Deshawn Rivers*, Criminal Number 2:12-148. We are here for a
4  change of plea. There is no plea agreement, Your Honor, but
5  there is an agreement between the parties. He's pleading to
6  Count 1, and the agreement -- the only agreement that we have
7  is that at sentencing, when he's sentenced on Count 1, that
8  we would dismiss the other counts at that time
9  THE COURT: Okay. Thank you.
10  Mr. Bishop, would you ask Mr. Rivers to step up here
11  and be sworn, please?
12  MR. BISHOP: Your Honor, there is a matter that I
13  want to bring to your attention, and I guess this would be
14  the logical point to do that because you may want to add that
15  to your colloquy, some information about that.
16  THE COURT: Okay.
17  MR. BISHOP: Mr. Rivers stands before you, he's
18  about to, once you get to that point, plead guilty to Count 1
19  of the pending Indictment. And it is premature today, and
20  I'm really not looking for an answer, I just want to make you
21  aware that there is a question that exists, and I have talked
22  to Mr. Rivers about it, regarding the potential sentence that
23  could be -- that could affect him under this as a result of
24  his plea. He's got a prior history, and I asked for a
25  preliminary position of the probation office as to their

1  position on his status potentially as an armed career
2  offender.  And to make a long story short, over a couple-week
3  period of time I got an answer that preliminarily they say
4  that their position might be that he qualifies.  I disagree
5  with them strongly, and I think I can convince them, you
6  know, following this plea that that's the case.  And if I
7  can't, then obviously that will be before you at some point
8  in time.
9           I've explained all of that to Mr. Rivers.  He's
10 aware that this dialogue is taking place, and it will
11 continue to be ongoing, and I wanted to make sure that you
12 understood that, and he knew on the record that that is an
13 issue, and continues to be an issue regardless of what we do
14 here today.  I mean, what we do today doesn't add to that
15 issue, it just potentially exposes him to that.  And he's
16 aware, and I wanted to make sure that's in the record today.
17          THE COURT:  Thank you for calling that to my
18 attention.
19          Mr. Rivers, you understand what Mr. Bishop has just
20 explained to me?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Okay.  Thank you.
23          Mr. Phillips?
24          MR. PHILLIPS:  Your Honor, and the only other
25 thing, back to what I talked about with dismissing those

1    other counts, Mr. Bishop and I have discussed this, we just
2    want Mr. Rivers to be aware that those could, if appropriate,
3    could be considered as relevant conduct.
4            MR. BISHOP:  We discussed that.
5            MR. PHILLIPS:  Yeah.
6            THE COURT:  Okay.  Mr. Rivers, the bottom line is
7    that whenever you plead guilty I have to be certain that you
8    understand the penalties that you face when you plead guilty.
9    And what we are talking about right now is I may not, and you
10   may not know completely what they are until we get a full
11   Presentence Report and I've had a chance to evaluate it, and
12   both you and your lawyer and the Government's lawyer have had
13   a chance to evaluate it and object to it, if you wish to.
14   That would happen at sentencing; not now.
15           But what I want you to understand today is what is
16   the worst possible scenario that you could face if you are an
17   armed career criminal, and your lawyer is going to proceed
18   with the hope and understanding that he's going to try to
19   convince the probation office and me that you are not an
20   armed career criminal.  But if it turns out that we think you
21   are, the penalty would go way up.  And you understand that?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  Thank you very much.  We'll proceed on
24   that basis.
25           THE CLERK:  Place your left hand on the Bible and

1    raise your right hand.
2    THEREUPON:
3                    MR. DESHAWN RIVERS,
4    Called in these proceedings and after having been first duly
5    sworn testifies as follows:
6                             EXAMINATION
7    BY THE COURT:
8     Q. Mr. Rivers, I understand that you wish to plead guilty to
9    Count 1 of the Indictment; is that correct?
10    A. Yes, sir.
11    Q. In order to accept your plea, I have to ask you a number
12   of questions.  The purpose of the questions is to be sure
13   this is a voluntary plea and a knowing plea.  When I say "a
14   knowing plea," I mean that you understand the charge against
15   you and you also understand what the Government would have to
16   prove if it went to trial against you.  If there is anything
17   you do not understand, I want you to stop and let me know.
18   If you need to confer with Mr. Bishop at any time, I want you
19   to let me know.
20            You understand you have been sworn, so the answers
21   you give to these questions must be truthful or else you will
22   subject yourself to a penalty of perjury?
23    A. Yes, sir.
24    Q. Okay.  By pleading guilty, you will give up your right to
25   a trial and so I'll be explaining some of the rights you have

1   at trial so you will understand what it is you are waiving by
2   pleading guilty.  And if you have any questions about any of
3   that, let me know, as well.
4           How old are you, sir?
5    A. Thirty-four.
6    Q. How far did you go in school?
7    A. Um, I graduated.
8    Q. High school?
9    A. Yes, sir.
10   Q. You are able to speak and understand the English language
11  without difficulty?
12   A. Yes, sir.
13   Q. You've had no problems at all communicating with your
14  attorney?
15   A. No, sir.
16          THE COURT:  Mr. Bishop, any problem communicating
17  with your client?
18          MR. BISHOP:   No, sir.
19   Q. Have you taken any drug or medication or consumed any
20  alcoholic beverages in the past 24 hours?
21   A. No, sir.
22   Q. Have you ever been treated for mental illness or
23  addiction to narcotic drugs?
24   A. No, sir.
25   Q. You understand what's happening here today?

1      A. Yes, sir.
2              THE COURT:  Does either Government or defense
3      counsel have any question at all about the defendant's
4      competence to plead?
5              MR. PHILLIPS:   No, Your Honor.
6              MR. BISHOP:   None, Your Honor, from the defendant.
7              THE COURT:  It appears to the Court that the
8      defendant is competent to plead to these charges and I so
9      find for the record.
10      Q. Have you had enough time to discuss this case with your
11      attorney?
12      A. Yes, sir.
13      Q. Are you satisfied with his representation?
14      A. Yes, sir.
15      Q. Has he done everything you've asked him to do?
16      A. Yes, sir.
17      Q. Has he failed or refused to do anything that you've asked
18      him to do?
19      A. No, sir.
20      Q. You understand under the Constitution and laws of the
21      United States you are entitled to a trial by a jury, and at
22      that trial you would have a right to Mr. Bishop's help in
23      defense of the charges against you?
24      A. Yes, sir.
25      Q. Do you also understand at a trial you would be presumed

1  innocent and the Government would have to prove you guilty by
2  competent evidence and beyond a reasonable doubt and you
3  would not have to prove that you are innocent?
4    A. Yes, sir.
5    Q. Do you also understand during the course of the trial the
6  witnesses for the Government would have to come to court and
7  testify in your presence, and your lawyer could cross-examine
8  those witnesses, object to evidence offered by the Government
9  and offer evidence on your behalf?
10   A. Yes, sir.
11   Q. You understand at a trial you would have a right to
12  testify, if you wished to, but you would also have a right
13  not to testify.  And if you chose not to testify, it could
14  not be used against you in any way?
15   A. Yes, sir.
16   Q. You understand at a trial you would have a right to issue
17  subpoenas and compel witnesses to come to court and testify
18  in your defense?
19   A. Yes, sir.
20   Q. Do you understand by pleading guilty you waive your right
21  to a trial, and all the other rights we've just discussed,
22  there will be no trial, I'll enter a judgment of guilty based
23  upon this plea, and you will be sentenced just as though you
24  were found guilty by a jury?
25   A. Yes, sir.

1   Q. You understand by pleading guilty you have to waive your
2   right not to incriminate yourself because I'm going to ask
3   you what you did in order to satisfy myself that you are, in
4   fact, guilty and you will have to admit your guilt?
5   A. Yes, sir.
6   Q. You understand that, if you haven't already done this by
7   your past record, you may be giving up valuable civil rights
8   by pleading guilty, such as the right to vote, the right to
9   hold office, the right to serve on a jury and the right to
10  possess a firearm?
11  A. Yes, sir.
12  Q. Having discussed all of those rights with you, do you
13  still wish to plead guilty?
14  A. Yes, sir.
15  Q. Have you received a copy of the Indictment, which is the
16  written charge against you?
17  A. Yes, sir.
18  Q. Have you had a chance to go over that Indictment with
19  your lawyer?
20  A. Yes, sir.
21  Q. I'm going to go over the Indictment to be sure that you
22  understand it.  If there is anything you don't understand,
23  let me know.
24          Count 1.  The grand jury charges that on or about
25  September 16, 2010, in the District of South Carolina, the

1    defendant, Deshawn R. Rivers, having been convicted of a

2    crime punishable by imprisonment for a term exceeding one

3    year, knowingly did possess, in and affecting commerce, a

4    firearm and ammunition, that is, a Springfield Armory .40

5    caliber pistol and .40 caliber ammunition, all of which had

6    been shipped and transported in interstate and foreign

7    commerce.

8           In violation of Title 18 of the United States Code,

9    Sections 922(g)(1), 924(a)(2) and 924(e).

10          Now, the Government would have to prove the

11    following things if it went to trial against you:  They would

12    have to prove that this happened on or about that date, and

13    they would have to prove that it happened in South Carolina.

14    They would have to prove at that time you had already been

15    convicted of a felony, that is, a crime punishable by more

16    than a year, and at that time you had in your possession this

17    weapon and ammunition, you had it knowingly and

18    intentionally, and that the weapon and ammunition had been

19    transported across state lines.

20          You understand that?

21   A. Yes, sir.

22          THE COURT:  The Court finds that the defendant does

23    comprehend and understand the nature of the charges against

24    him and generally what the elements are the Government would

25    have to prove if a trial were held.

1          I'm going to ask the U.S. Attorney now to assist me
2    in reading into the record the penalties associated with
3    this, and if you would include the penalties, if you haven't,
4    for what it would be if it found that Mr. Rivers is, in fact,
5    a career criminal versus if he's not.
6          MR. PHILLIPS:  Yes, sir.  If he's not, his maximum
7    sentence would be a fine of 250,000 and/or imprisonment for
8    10 years and a term of supervised release of three years,
9    special assessment of $100.
10         If it's determined that he is an armed career
11   criminal under 18, USC, Section 924(e), he will face a
12   mandatory minimum term of imprisonment for 15 years, maximum
13   sentence of life, fine of $250,000, and a term of supervised
14   release of five years, and a special assessment of $100.
15         THE COURT:  Thank you.
16    Q. Mr. Rivers, you understand the difference between the
17   two?
18    A. Yes, sir.
19    Q. And you understand both the mandatory minimum and
20   maximums?
21    A. Yes, sir.
22    Q. Okay.  Thank you very much.
23         You understand that if the Court thought it was
24   appropriate, you could be required to forfeit certain
25   property to the United States Government?

1   A. Yes, sir.

2   Q. You also understand that a Sentencing Commission was

3   formed and that Commission has issued Guidelines for judges

4   to consider in determining what a sentence should be. Have

5   you had a chance to talk with Mr. Bishop about the Guidelines

6   and how they may apply to your case?

7   A. Yes, sir.

8   Q. You understand we won't know the Guidelines for your case

9   until a Presentence Report has been prepared and both you and

10  the Government have had a chance to challenge that report?

11  A. Yes, sir.

12  Q. You understand after it has been determined what

13  Guidelines do apply, the Judge still has the authority to

14  impose a sentence that is either more severe or less severe

15  than that called for by the Guidelines?

16  A. Yes, sir.

17  Q. You understand under some circumstances either you or the

18  Government may be entitled to appeal any sentence that I

19  might impose?

20  A. Yes, sir.

21  Q. Do you understand parole has been abolished, if you are

22  sentenced to prison you will not be released on parole?

23  A. Yes, sir.

24  Q. You understand if the sentence you receive is more severe

25  than you expected, you will still be bound by this plea; you

1       will have no right to withdraw it?
2         A. Yes, sir.
3         Q. You understand if the Government -- well, the Government
4       has made no recommendation on your behalf, and it does not
5       intend to make any recommendation on your behalf.  You
6       understand that?
7         A. Yes, sir.
8         Q. You understand the law requires upon your release from
9       incarceration that you will be subject to a term of
10      supervised release, as was just read into the record.  And
11      when a person is on supervised release, he's restricted as to
12      where he may go, the things he may do, and you must report to
13      the authorities on a regular basis?
14        A. Yes, sir.
15        Q. You understand the Court may revoke your term of
16      supervised release and require you to serve all or a part of
17      that time in prison without giving you credit for time
18      already spent on supervised release if the Court finds by a
19      preponderance of the evidence that you violated your
20      conditions of supervised release?
21        A. Yes, sir.
22        Q. Has anybody threatened you or forced you in any way to
23      plead guilty?
24        A. No, sir.
25        Q. Has anybody made any promise to you or prediction to you

1    about what your sentence will be in order to get you to plead
2    guilty?
3     A. No, sir.
4     Q. Let me ask you, then, did you, as charged in Count 1 of
5    this Indictment, on or about September 16, 2010 in the
6    District of South Carolina, after having been convicted of a
7    crime punishable by imprisonment for a term exceeding one
8    year, knowingly possess, in and affecting commerce, a firearm
9    and ammunition, that is a Springfield .40 caliber pistol and
10   .40 caliber ammunition, which had been shipped and
11   transported in interstate and foreign commerce, in violation
12   of Title 18 and those Code sections I read to you earlier.
13   Did you do that?
14    A. Yes, sir.
15    Q. All right.
16         THE COURT: I'm going to ask the U.S. Attorney to
17   summarize for me what evidence the Government would present
18   if it went to trial against you. I would like you to listen
19   and tell me if you disagree with any of it.
20         Mr. Phillips?
21         MR. PHILLIPS:  Yes, sir.
22         On September 16, 2010, the North Charleston Police
23   Department was on patrol when they saw Mr. Rivers sitting in
24   a white vehicle. The officer went up to make contact with
25   Mr. Rivers, and he immediately got out of the vehicle, and

1     the officer reported he could smell marijuana, and they had a
2     discourse.  And when the officer told him to turn around,
3     that he was under arrest, Mr. Rivers tried to flee.  He was
4     eventually apprehended.  And during a search of the vehicle,
5     they found the handgun that you mentioned, which was loaded
6     with .40 caliber ammunition at that time, and it was the
7     Springfield Armory .40 caliber handgun.
8              And I'll mention this, related primarily later in
9     the separate incident, a search warrant was issued, was
10    executed, which is the basis of Count 2, February 9, 2011.
11    And during that search warrant, and what we would have
12    presented at trial, is based on evidence that was in Mr.
13    Rivers's bedroom, they found the gun box that matched the
14    same serial number and everything to the Springfield Armory
15    .40 caliber in his -- with his belongings in that room among
16    other things which were the basis of Count 2.
17             But I just mentioned that that would have been
18    additional evidence we would have presented.  He has a
19    prior -- obviously he has prior.  He's a prohibited person.
20    He has prior convictions.  And that Springfield Armory
21    handgun and ammunition were all manufactured outside of the
22    State of South Carolina.
23             THE COURT:  Thank you.  Mr. Rivers, you agree with
24    that summary?
25             THE DEFENDANT:  Yes, sir.


AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1     THE COURT: Thank you. It's the finding of the
2 Court in the case of the *United States of America vs. Deshawn*
3 *R. Rivers* that the defendant is fully competent and capable
4 of entering an informed plea. That his plea of guilty is a
5 knowing and voluntary plea supported by an independent basis
6 in fact containing each of the essential elements of the
7 offense. His plea is therefore accepted and he's now
8 adjudged guilty of that offense.
9     (Thereupon, the document was signed.)
10     THE CLERK: May it please the Court?
11     THE COURT: Yes.
12     THE CLERK: In the case of *United States of America*
13 *vs. Deshawn R. Rivers*, Criminal Number 2:12-148, the
14 defendant, Deshawn R. Rivers, having withdrawn his plea of
15 not guilty entered March 27, 2001 pleads guilty to Count 1 of
16 the Indictment after arraignment in open court.
17     Signed by the defendant, Deshawn Rivers, Charleston,
18 South Carolina on September 27th, 2012.
19     THE COURT: Okay. Mr. Rivers, I'll see you at
20 sentencing.
21     Thank you, Mr. Bishop.
22     MR. BISHOP: Thank you, Your Honor.
23             *****     *****     *****
24
25

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1
 2
 3      I certify that the foregoing is a correct transcript from the
 4      record of proceedings in the above-titled matter.
 5
 6
 7
 8      ---------------------------
 9
10      Amy C. Diaz, RPR, CRR                August 12, 2014
11      S/  Amy Diaz
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```