IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

Case NO: 2:12-cr-00148-RMG

UNITED STATES OF AMERICA

    VS.

Deshawn Rivers

    MOTION FOR COMPASSIONATE RELEASE

    COMES NOW, the defendant Deshawn Rivers acting on his own behalf and REQUESTS the Honorable Court to consider this motion for a reduce sentence to time served for Compassionate Release, pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i).

    When the Defendant filed the initial motion for Compassionate Release on or around February 11, 2021, the 4th Circuit had not reached its decision in United States vs. McCoy 981.f.3d 271 (4th Circuit 2021).
The cornerstone of the McCoy decision which is that a defendant's sentence today for the same crimes as the McCoy defendant, could not be sentenced as harshly because of the change in law despite the fact that he may have the same criminal history. When defendants are convicted of the same offense, yet one receives more years than the other and it is because of a change in the law, a disparity in sentencing has occurred, which is an extraordinary and compelling reason warranting rectification whether by a sentence reduction based

on Compassionate Release or another law.

I. BACKGROUND

The defendant in the instant case pled guilty to Count one of the indictment charging that he was a convicted felon found in possession of a loaded .40 caliber handgun on September 16, 2013, a violation of 18 U.S.C. 922(g). The defendant was sentenced to a mandatory minimum sentence of 15 years under 18 U.S.C. 924(e) after erroneously being found to be a qualifying armed career offender based on prior convictions. The defendant did make several attempts to appeal the district court findings. Mr. Rivers has been incarcerated since 2012 and has a projected release date of the summer of 2025. Mr. Rivers has several medical conditions that were highlighted in his first "Compassionate Release" motion. He is housed at FCI Bennettsville camp. Mr. Rivers continues to reflect on the extraordinary and compelling reasons listed in his initial "Compassionate Release" motion, but he now points the Court in the unconstitutional sentence he is now serving.

II. Statutory framework and Sentence Reduction Authority

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code authorizes a sentencing court t reduce an otherwise final term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. Previously a defendant was only eligible for such a release upon a motion by the Director of the Bureau of Prisons: however the amended statute allows for defense motions provided the defendant has

exhausted his or her administrative remedies by first requesting that the BOP pursue compassionate Release. The amended is rooted in the "documented infrequency with which the the BOP filed motions for a sentence reduction on behalf of defendants." United States vs. Rudd, no:97 CR00006,2020 WL 1248493 at *7 (E.D. VA Mar. 16, 2020).

III. Mr. Rivers being mischaracterized as a ARMED CAREER OFFENDER UNDER 18 U.S.C. 924(e)1 and his vulnerability to COVID-19 is an extraordinary and compelling reason for a sentence reduction and such a reduction follows policy statements.

1). Mr. Rivers is not an ARMED CAREER OFFENDER.

The Fourth Circuit has now recognized that the change in the law can constitute extraordinary and compelling reasons to warrant the granting of a defendant's motion for Compassionate Release. United States vs. McCoy 981 f.3d. 271 (4th Cir, 20201). The defendant was sentenced under the provision of 18 U.S.C. 924(e)(1) which contains language that provides that anyone convicted of a 922(g), a felon in possession of a firearm, and has three previous convictions by any court for a violation of a serious drug offense "committed on occasions different from one another" shall be imprisoned for not less than 15 years. Otherwise the maximum sentence is ten years. Mr. Rivers 1998 state conviction and the 1999 federal drug conspiracy are not only related, which is undisputed, but they do not meet the test of being committed on different occasions as required by the statute. If that is

so, he is not ACCA applicable.

2). Mr. Rivers' prior conspiracy from 1999 no longer qualifies for ACCA purpose.

Conspiracy to traffic n crack cocaine and cocaine powder, in violation of 21 U.S.C. 846 was considered to be a controlled substance offense. That is no longer the case. See United States vs. Norman 935 f.3d 232, 237-39 (4th Cir. 2019). See also United States vs. Whitley, 737 f Appix 147, 149 (4th Cir. 2018) (per curiam) holding that 846 conspiracy convictions cannot support " an enhanced sentencing as a career offender because they are not categorically controlled substance offenses" within the meaning of the guidelines ): United States Vs. McCollum, 885 f.3D 300, 303 (4th Cir. 2018).

3). Mr. Rivers has served the maximum sentence by law.

If Mr. Rivers was sentenced today, the maximum sentence he could be proscribed is ten years. As of today, Mr. Rivers has served two years over the maximum proscribed by Congress. When two defendants are convicted of the same offense, yet one receives more years than the other and it is because of a change in the law, a disparity in sentencing has occurred, which is an extraordinary and compelling reason warranting rectification whether by a sentencing reduction based on "Compassionate Release" or another law. Indeed the rectification of the difference in sentencing is demanded by the U.S. Constitution's declaration that all men shall be treated equally. All the defendant is seeking from this Court

is to uphold the laws of this country and be treated like similar defendants. Just as the district court did in McCoy, they rectified the disparity in sentencing and this Court should do the same.

4). Covid-19 Pandemic

By any measure, the present global pandemic is an extraordinary circumstance beyond what most Americans have experienced. In courts around the country, prosecutors have argued that inmates are safely quarantined in jails and prisons. However, at FCI Bennettsville, a 49 year old African American died this month while being housed at the prison, Despite officials best intent and efforts, prisons are unequipped to control Corona virus.

People with pre-existing medical conditions, like the defendant, face a particularly high risk of dying or suffering severe health effects should the contract the virus. Thus, this Court has the authority, without pre-approval from the BOP, to determine what amounts to an extraordinary and compelling reason for "Compassionate Release." Enclosed as Exhibit 1 is Dr. Chris Beyrer's declaration of the severity that Covid-19 plays on inmates and staff members.

Before McCoy was decided by the Fourth Circuit, several circuit courts has held that there is no applicable policy statement governing "Compassionate Release" motions filed by the defendants under the recently amended section 3582(c)(1)(A) statute, and as a result district courts are empowered...to consider any extraordinary and compelling reason for release that a defendant might raise. McCoy, 981,

f.3d. See also United States vs. Jones, 980 f>3d 1098, 1108-09 (6th Cir. 2020): and United States vs. Gunn, 980 f.3d 1178,1180-81 (7th Cir. 2020).

## CONCLUSION

Mr. Rivers respectfully requests this Court to enter an order reducing his sentence to time served. He has served his sentenced prescribed by law. He has a high risk for Covid-19 complications and he has plans to work with his family business and further his education if released. All the circumstances of Mr. Rivers' case support his request for "Compassionate Release" and reduction of his sentence to time served.

Respectfully submitted,

Deshawn Rivers #95930-071

*Deshawn. Rivers*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of October, 2021, I caused the foregoing motion for Compassionate Release to:

Assistant United States Attorney

85 Broad Street

Charleston, South Carolina 29401